IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN L. WILLIAMS, ) | |
|   ) | |
| **Plaintiff,** ) | |
|   ) | |
| v.   ) | Case No. 1:20-cv-208 |
|   ) | |
| ROBIN NYBERG, *et al.*, ) | |
|   ) | |
| **Defendants.** ) | |

**MEMORANDUM ORDER**

The instant prisoner civil rights action was received by the Clerk of Court on July 23, 2020 and referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Civil Rules of this Court. In his complaint, ECF No. [12], Plaintiff Shawn L. Williams, an inmate at SCI-Houtzdale, sued thirty-four individuals for alleged violations of his federal and state rights arising out of the conditions of his confinement. The complaint, which has since been amended, ECF No. [46], alleges a campaign of harassment by various prison officials as the result of Plaintiff's involvement in filing grievances and lawsuits against prison staff members.

On March 19, 2021, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. [43], which remains pending before the Court. Accompanying Plaintiff's motion was a supporting brief and affidavit. ECF Nos. [44] and [45]. Defendants filed their response on March 26, 2021. ECF No. [49].

Three days later, on March 29, 2021, Magistrate Judge Lanzillo held a hearing, at the conclusion of which he issued an oral Report and Recommendation. ECF No. [51]. As set forth in the transcript of the proceedings, ECF No. [52], Plaintiff is seeking injunctive relief for the

1

purpose of ensuring: that he receives proper medical and vision care, that he has proper access to the Court and is able to litigate this case, and that he is protected from any threat of physical assault or harassment. As to each of these concerns, the Magistrate Judge concluded that Plaintiff had failed to demonstrate how he would suffer immediate irreparable harm in the absence of injunctive relief. For example, despite Plaintiff's allegations that he was in danger from being labelled a "snitch," he could not point to any imminent threat of physical violence from any specific inmate. The Magistrate Judge also noted that Plaintiff's allegations relative to the need for injunctive relief were unrelated, for the most part, to his claims against the particular individuals who had been named as Defendants in this lawsuit. To the extent Plaintiff claimed that Defendant Smith was coordinating the labelling of Plaintiff as a "snitch," Judge Lanzillo found no evidence in the record to support this allegation. In addition, Judge Lanzillo found no real or imminent threat that Plaintiff was being denial appropriate care for a serious medical need. With respect to Plaintiff's concerns about his vision, Judge Lanzillo noted that Plaintiff had just recently been seen by an optometrist, who would presumably prescribe Plaintiff eyeglasses if necessary. Regarding the alleged limitations on Plaintiff's access to the prison law library, Judge Lanzillo found no threat of any immediate, irreparable harm because, as the judicial officer presiding over all pretrial proceedings in this case, he would entertain any reasonable requests for more time relative to case management deadlines. Finally, with respect to Plaintiff's allegations that he had been subjected to retaliatory misconduct charges, Judge Lanzillo noted that Plaintiff was challenging those charges through the prison's administrative grievance system; however, the Magistrate Judge found no evidence to support the existence of a threat of immediate or irreparable harm.

Plaintiff filed objections to the Report and Recommendation on April 13, 2021. ECF No. [59]. Therein, he contends that the Magistrate Judge applied an incorrect standard of review for irreparable injury by requiring "that Plaintiff's claims of future injury and retaliation be associated or connected with the Defendants in the at-issue litigation or status quo . . . ." *Id*. at 3. Plaintiff also takes issue with the Magistrate Judge's assessment of the evidence as it relates to ongoing acts of alleged retaliation, such as falsified misconduct reports and the failure of certain officials to serve Plaintiff with the Defendants' brief in support of their Rule 12 motion. *Id*. at 3-6. He objects that the Magistrate Judge failed to consider the totality of circumstances, displayed partiality for the defense, and was indifferent to his plea for protection from future assault. *Id*. at 7-9. Plaintiff also objects that he did not receive the Defendants' response to his motion until immediately before Judge Lanzillo's hearing and, therefore, did not have an adequate opportunity to rebut the Defendants' arguments and exhibits. From a substantive standpoint, Plaintiff contends that the Defendants' response was "contrived, fabricated, or irrelevant," and their evidence was "anomalous, anonymous, and based on hearsay in violation of Federal Rules of Evidence 801 and 603." *Id*. at 10. Plaintiff further asserts that the Defendants' exhibits were improperly redacted and deprived him of information to which he was entitled. *Id*. at 11.

Courts issue preliminary injunctions or temporary restraining orders to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the claims presented in the case. These are "extraordinary and drastic remedies." *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989)). Because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's

complaint." *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017).  In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." *Id*. (citing *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010)).

Under the law of this Circuit, "[a] failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc*., 306 F. App'x 727, 732 (3d Cir. 2009) (citations omitted).  To establish irreparable harm, the movant must show "that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017).  To do so, the movant "must demonstrate a potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc*., 882 F.2d 797, 801 (3d Cir. 1989).  "The risk of irreparable harm cannot be speculative; mere risk of irreparable harm is insufficient—the movant must make a clear showing of immediate irreparable injury, or a presently existing actual threat; an injunction may not be used simply to eliminate the possibility of a remote future injury, or a future invasion of rights." *McCafferty v. Wolf*, Case No. 2:20-CV-02008, 2021 WL 1340002, at *4 (W.D. Pa. Apr. 9, 2021) (alterations and internal quotes omitted) (citing *Holiday Inns of Am. v. B & B Corp*., 409 F.2d 614, 618 (3d Cir. 1969); *Continental Grp., Inc. v. Amoco Chems. Corp*., 614 F.2d 351, 359 (3d Cir. 1980); *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 3:15-CV-22, 2016 U.S. Dist. LEXIS 169709 at *8 (W.D. Pa. Dec. 8, 2016)).

After due consideration of the Plaintiff's arguments, the Court is satisfied that Magistrate Judge Lanzillo applied the correct governing standards and properly assessed the evidence of record. The allegations made by Mr. Williams regarding his safety at SCI Houtzdale, as well as

4

allegations of efforts to place his life in danger, are not taken lightly by the Assistant Attorney General assigned to this case and the Court, but in the instance of this motion and the evidence presented, the report and recommendation is correct. Accordingly, after *de novo* review of Plaintiff's motion for a TRO or preliminary injunction and all related exhibits and filings, the transcript of the hearing of March 29, 2021, together with the report and recommendation and Plaintiff's objections thereto, the following order is entered:

NOW, this 27th day of April, 2021;

IT IS ORDERED that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. [43], shall be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the oral report and recommendation of U.S. Magistrate Judge Lanzillo, entered on the docket on March 29, 2021, ECF No. [51], shall be, and hereby is, adopted as the opinion of the Court, and Plaintiff's objections to thereto, ECF No. [59], are OVERRULED.

*Susan Paradise Baxter*
Susan Paradise Baxter
United States District Judge

cm:   SHAWN L. WILLIAMS
      JZ-9009
      SCI Houtzdale
      209 Institutional Drive
      Houtzdale, PA 16698-1000
      (via First Class U.S. Mail)

      Counsel of record
      (via CM/ECF)

      United States Magistrate Judge Richard A. Lanzillo
      (via CM/ECF)