IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN L. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:20-cv-208-SPB-RAL |
| ROBIN NYBERG, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The within civil rights action was commenced on July 23, 2020 when Plaintiff Shawn L. Williams, a former prisoner at SCI-Albion, filed his motion for leave to proceed *in forma pauperis*, ECF No. 1, accompanied by a complaint that was lodged by the clerk of court. ECF No. 1-1. The case was referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges. Plaintiff was granted *in forma pauperis* status on August 24, 2020 and is proceeding in this action *pro se*.

The operative pleading at this juncture is Plaintiff's Second Amended Complaint ("SAC"), which alleges various forms of misconduct on the part of some 34 employees of the Pennsylvania Department of Corrections who are named as Defendants. ECF No. 72. As noted by the Magistrate Judge, the SAC consists of 102 paragraphs and presents a chronological narrative of events that allegedly occurred between July 20, 2018 and January 14, 2019. Although the SAC does not set forth distinct counts or claims, the Magistrate Judge perceived that the following causes of action are being asserted in this case, pursuant to 42 U.S.C. §1983: (1) a First Amendment retaliation claim; (2) a First Amendment free speech claim; (3) an Eighth

1

Amendment deliberate indifference claim; (4) a conspiracy claim under state and federal law; and (5) a claim that some Defendants failed to prevent a conspiracy.

On July 6, 2021, Defendants provided notice of their intent to "reactivate" and "stand on" their prior motion to dismiss this action, such that their Rule 12(b)(6) motion (previously filed on April 15, 2021) is now reasserted relative to Plaintiff's SAC. *See* 60, 61, 71. In similar fashion, Plaintiff opted to "reactivate" and "stand on" his previously filed brief in opposition to the Defendants' April 15, 2021 motion to dismiss. *See* ECF Nos. 68, 74, 75.

On October 19, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R"), ECF No. [80], recommending that the Court dismiss the SAC for failure to state a cognizable basis for relief, but with one final (and limited) opportunity for Plaintiff to amend his pleading. As an initial matter, Judge Lanzillo concluded that any claims for monetary damages against the Defendants in their official capacities should be dismissed based on Eleventh Amendment immunity. Next, he concluded that Plaintiff had not pled facts that would establish a plausible conspiracy claim or failure to prevent a conspiracy. Third, the Magistrate Judge concluded that Plaintiff had not pled facts to establish that his constitutionally protected activity was a substantial motivating factor for any alleged adverse actions. Fourth, the Magistrate Judge opined that Plaintiff had not pleaded personal involvement on the part of Defendants Brown, Weber, McEwen, Bickell, Tharp, Johnson, Wetzel, Wingard, Barnacle, Kustenbauder, Skinner, Eddy, Smith, Meure, Thompson, Heibner, Seusser, Flinchbaugh, Egan, or Fait. Fifth, Judge Lanzillo opined that this Court should dismiss any "conspiracy" or "retaliation" claims that are predicated solely on the Defendant's alleged involvement in reviewing, investigating, or deciding his grievances. Sixth, the Magistrate Judge recommended that Plaintiff's Eighth Amendment deliberate indifference claims against Defendants Wetzel, Wingard, Barnacle,

Nyberg, and Johnson be dismissed with prejudice, based upon Plaintiff's failure to plead anything more than legal conclusions and/or his failure to plead prison conditions that could plausibly give rise to an Eighth Amendment violation. To the extent Plaintiff is asserting a putative Eighth Amendment claim against Defendant Skinner under a "failure to protect" theory, Judge Lanzillo opined that the claim is deficient and should be dismissed because Williams failed to allege facts showing he was subjected to a substantial risk of harm or placed in fear of such harm. Lastly, the Magistrate Judge recommended that Plaintiff's First Amendment "access to courts" claim be dismissed. As to Defendants Giles, Clark, Roscinski, and Kusiak, Judge Lanzillo concluded that Plaintiff had not pled sufficient factual content to state a plausible First Amendment violation. As to Defendant Nyberg, Judge Lanzillo opined that Plaintiff had failed to plead any "actual injury" resulting from Nyberg's alleged conduct.

Based on the foregoing conclusions, Judge Lanzillo recommended that the SAC be dismissed. Further, the Magistrate Judge recommended that Plaintiff be permitted to amend only one putative claim: namely, his First Amendment claim against Defendant Sissem for allegedly terminating Plaintiff's prison job in retaliation for Plaintiff's constitutionally protected activity. As to all other putative claims, Judge Lanzillo concluded that further amendment would be futile and abusive.

Plaintiff filed objections to the R&R on January 5, 2022. See ECF No. 88. Therein, he raises four "points of contention." Plaintiff first asserts that the Magistrate Judge's R&R is clearly erroneous and contrary to law. Specifically, Plaintiff contends that the R&R evidences a bias in favor of the Defendants and that the Magistrate Judge failed to correctly apply Rule 12(b)(6) standards and overlooked or ignored certain factual allegations that support Plaintiff's claims.

3

Next, Plaintiff asserts that he sufficiently pled, for purposes of his retaliation claims, that his protected activities were the motivating factors in Defendants' adverse actions. To that end, Plaintiff delineates certain allegations that he posits are sufficient to establish the requisite causal link.

Third, Plaintiff points to various portions of the SAC where he believes he has pled sufficient facts to support his conspiracy claims and to assert each Defendant's personal involvement in the alleged wrongdoing. Because his SAC has been verified, he submits that the facts alleged should be accepted as true and his pleading should be construed as an affidavit. He faults the Magistrate Judge for improperly disregarding certain allegations as mere conclusions of law or proposed inferences that lack factual support. He states that "[t]here is no way of di[s]associating the personal involvement of Nyberg, Harmon, Wagner, Barner, Dececco, Giles, Egan, Eddy, Seusser, Kusiak, Flinchbaugh, and Ennis from the conduct and personal involvement of Heibner, [F]ait, Michael Clark, Smith and Meure." ECF No. 88 at 18.

Plaintiff's final point of contention is that, in essence, the Magistrate Judge is recommending that this Court permit Defendants to utilize Nyberg's separation request as a pretext for retaliation. Plaintiff posits that the Defendants "admit" their decisions and actions against him were based on his "unfounded issues" and "confrontations" with other staff beside Nyberg and this admission "proves that the defendants were reaching for a legitimate explanation to 'cover-up' the object of the conspiracy, which was to punish and dispose of plaintiff." ECF No. 88 at 20. Plaintiff warns that "[t]his Court will infringe upon [his] 7th Amendment right under the Jury Trial Provision if [the] Court adopts the Magistrate Judge's erroneous credibility determinations[.]" *Id.* at 21 (citations omitted).

4

Defendants filed their response to Plaintiff's objections on January 20, 2022. ECF No. 89. They contend that Plaintiff's complaints of bias are predicated on his misinterpretation of various neutral observations and phrases in the R&R. Defendants also dispute Plaintiff's suggestion that the Magistrate Judge was required to identify every one of his conclusory allegations, line-by-line, in the Report and Recommendation.

With respect to Plaintiff's conspiracy claims, Defendants argue that Plaintiff has not pled sufficient factual allegations to suggest either an agreement or an unlawful object of such agreement. According to Defendants, Plaintiff has failed to identify any clear connection between the various prison officials being sued, other than their common employer. Nor, they argue, has Plaintiff asserted any racial or class-based animus for purposes of asserting a conspiracy under 42 U.S.C. §§1985(3) or 1986.

With respect to Plaintiff's retaliation claims, Defendants dispute that Plaintiff has pled facts sufficient to establish causation. The only specific retaliation allegations, Defendants posit, pertains to Sissem and Plaintiff's termination from his prison job; as to this claim, however, Defendants maintain that Plaintiff did not connect this adverse action to a grievance against Sissem or other protected conduct. While Plaintiff points to this Court's decision in *Baez v. Mooney,* No. 1:20-cv-009 (W.D. Pa), to support his retaliation claims, Defendants note that the outcome in that case was predicated on the strength of the specific factual allegations before the Court, and it would not be intrinsically inconsistent for the Court to rule differently here.

Defendants also challenge the viability of Plaintiff's remaining claims. With respect to Plaintiff's "access to courts" claim, Defendants note that Plaintiff does not claim to have missed any specific filing date or lost a non-frivolous claim because of limitations on library time. As for Plaintiff's Eighth Amendment deliberate indifference claim, Defendants contend that there

are no factual allegations in the SAC to show that Plaintiff faced an actual or substantial risk of harm or was plausibly placed in fear of such harm due to being labelled a snitch, nor do his objections address this claim. With respect to Plaintiff's due process claim, Defendants dispute that Plaintiff was necessarily entitled to an explanation for his housing transfer but, in any event, they maintain that he received an explanation in response to a request slip that he submitted to staff members. Finally, Defendants dispute that Plaintiff's Seventh Amendment right to a jury trial has been infringed, since he does "not enjoy a blanket right to bring any insufficiently pled claim before a jury . . . ." ECF No. 89 at 8.

Having carefully considered all of the parties' respective arguments, the Court finds itself largely in agreement with the Magistrate Judge; however, the Court will make two additional points. First, the Court notes Plaintiff's reference in the SAC to an alleged due process violation. Although not addressed at length by the Magistrate Judge, the Court finds it important to note that such claim is **insufficiently** pled. Plaintiff has failed to state a procedural due process violation because he has failed to allege facts that would demonstrate: (i) the deprivation of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (ii) that the procedures available to Plaintiff to address such deprivation failed to provide him "due process of law." *See Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). For purposes of establishing a substantive due process claim, Plaintiff has not pled facts to establish the deprivation of a fundamental right or interest, nor has he alleged conduct on the part of any Defendant that was so egregious or outrageous as to "shock the contemporary conscience." *See Mader v. Union Twp.*, Case No. 2:20-cv-1138, 2022 WL 395052 at *6 (W.D. Pa. Feb. 9, 2022). Accordingly, any due process claims are dismissed with prejudice, as further amendment would be futile.

Second, the Court will adopt the Magistrate Judge's recommendations as they relate to the dismissal of Plaintiffs' remaining claims, other than his First Amendment retaliation claims. As to retaliation, the Court perceives that Plaintiff has pled minimally sufficient factual content to state plausible claims against Defendants Nyberg, Roscinski, Wagner, Flinchbaugh, Meure, Ennis, M. Clark, and Anderson. Each of these individuals is alleged to have engaged in conduct that could deter a person of ordinary firmness from exercising his constitutional rights. Nyberg, for example, is alleged to have falsely accused Plaintiff of stalking and circulating rumors about him being a "snitch." SAC ¶¶20, 32, 37-38. Roscinski is alleged to have denied Plaintiff a pay raise; Roscinski is also accused, along with Wagner, of falsely reporting that Plaintiff was showing up to his job at unauthorized times. SAC ¶¶ 6, 48, 50. It can reasonably be inferred from the allegations in the SAC that these actions served as a basis for Plaintiff's loss of his prison employment, and/or his placement in the RHU, and/or his ultimate transfer to a different correctional institution. Ennis is alleged to have been personally involved in getting Plaintiff suspended from his janitorial job, placed in the RHU, and transferred. SAC ¶¶ 64, 72, 77-78. Defendants Flinchbaugh, Meure, M. Clark, and Anderson were all allegedly involved in signing the petition for Plaintiff's transfer. SAC ¶ 78. These actions plausibly constitute "adverse action" for purposes of a First Amendment retaliation claim.

Moreover, each of the aforementioned Defendants (*i.e.,* Nyberg, Roscinski, Wagner, Flinchbaugh, Meure, Ennis, M. Clark, and Anderson) was either the subject of a grievance (or threatened grievance) somewhat close in time to the relevant adverse action or is alleged to have expressed some type of animus relative to Plaintiff's constitutionally protected activities. *See, e.g.,* SAC ¶¶ 3, 5, 6, 26, 35, 49, 66. Granted, many of Plaintiff's factual assertions, even where not totally conclusory, are still somewhat generalized or vague. Yet giving his pleading the

7

benefit of a liberal interpretation, and affording him every reasonable inference, the Court finds that he has arguably pled a causal connection between his own First Amendment activities and the adverse actions in which each of the aforementioned officials was personally involved. At this early stage of the proceedings, Plaintiff has stated "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a claim." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Although discovery may ultimately reveal his claims to be unactionable, at the present juncture Plaintiff may prosecute his First Amendment retaliation claims against Nyberg, Roscinski, Wagner, Flinchbaugh, Meure, Ennis, M. Clark, and Anderson.[1]

In sum, after *de novo* review of the Complaint, Defendants' motion to dismiss and all filings related thereto, together with the Magistrate Judge's report and recommendation, Plaintiff's objections to the Report and Recommendation, and Defendants' response to the objections, the following order is entered:

NOW, this 24th day of February, 2022,

IT IS ORDERED that that Defendants' motion to dismiss, ECF No. [60], shall be and hereby is DENIED insofar as it relates to Plaintiff's First Amendment retaliation claims against Defendants Nyberg, Roscinski, Wagner, Flinchbaugh, Meure, Ennis, M. Clark, and Anderson. In all other respects, Defendants' motion to dismiss shall be, and hereby is, GRANTED. Accordingly, Plaintiff may proceed with the prosecution of his First Amendment retaliation

---

[1] The Magistrate Judge recommended that Plaintiff be given an opportunity to replead his retaliation claim only as against Defendant Sissem. Like the Magistrate Judge, the Court perceives no basis in the SAC for inferring the necessary causal connection between Plaintiff's protected First Amendment activities and any actions taken by Defendant Sissem. But because the Court perceives no likelihood that Plaintiff can remediate the deficiencies in his claim against Defendant Sissem, and because the Court believes that the interests of justice are better served by allowing Plaintiff's well-pled First Amendment claims to proceed forward at this juncture, the Court will decline to allow further amendment and will direct the parties to proceed on the retaliation claims identified herein.

claims against Defendants Nyberg, Roscinski, Wagner, Flinchbaugh, Meure, Ennis, M. Clark, and Anderson. All remaining claims in the Second Amended Complaint shall be, and hereby are, DISMISSED with prejudice.

    IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued October 19, 2021 (ECF No. [80]) shall be, and hereby is, adopted as the opinion of the Court, to the extent set forth herein.

*/s/ Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge