IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

SHAWN L. WILLIAMS,            )
                                     )
          Plaintiff             )     1:20-CV-00208-SPB
                                     )
       vs.                   )     RICHARD A. LANZILLO
                                     )     UNITED STATES MAGISTRATE JUDGE
ROBIN NYBERG,  WAGNER, PAUL )
ENNIS, DEPUTY SUPERINTENDENT; )
ROSCINSKI, CEVC; MICHAEL C.   )     MEMORANDUM ORDER ON PLAINTIFF'S
CLARK, SUPERINTENDENT; BRIAN )     MOTION TO COMPEL DISCOVERY
FLINCHBAUGH, DEPUTY         )     ECF NO. 99
SUPERINTENDENT; LT. T. ANDERSON, )
MAJOR CHRISTOPHER M. MEURE,  )
                                     )
         Defendants        )

Before the Court is a motion to compel discovery filed by the Plaintiff, Shawn L.

Williams, an inmate at the State Correctional Institution at Houtzdale ("SCI-Houtzdale").  ECF

No. 99.  Williams is representing himself in this matter.  His sole remaining claim is a First

Amendment retaliation claim against Defendants Nyberg, Roscinski, Wagner, Flinchbaugh,

Meure, Ennis, Clark, and Anderson.  *See* ECF No. 90.  Williams' motion challenges several of

the Defendants' responses to interrogatories and requests for production of documents.  *See id.*,

p. 2.  Defendants have filed a response in opposition to Williams' motion.  ECF No. 107.

I.      Standard of Decision

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as

follows:

1

> Unless otherwise limited by court order, the scope of discovery is
> as follows: Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim or defense
> and proportional to the needs of the case, considering the
> importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the
> parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed
> discovery outweighs its likely benefit. Information within this
> scope of discovery need not be admissible in evidence to be
> discoverable.

Fed. R. Civ. P. 26(b)(1).

The proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. *Rudolf v. Am. Int'l Grp., Inc.*, 2022 WL 2757684, at *1 (W.D. Pa. July 14, 2022). *See also Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of demonstrating the relevance of the requested information. *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D. Kan. 2009).

II.    Discussion

Before turning to the particulars of each discovery request and objection, the Court addresses Williams' argument that the Defendants have waived any objections to his discovery requests because they failed to timely respond. *See* ECF No. 101, p. 2. He contends that he

served requests for production of documents and interrogatories on Defendants on March 21, 2022, and the Defendants failed to respond within the thirty days provided under Federal Rules of Civil Procedure 33 and 34. *Id.* at p. 1. Williams also submits that the Defendants failed to respond to requests for admissions he submitted on April 6, 2022. *Id.* He claims Defendants took approximately two months to respond. *Id.* In response, the Defendants state they did not receive Williams' initial discovery requests until March 30, 2022 and they wrote to Williams relating their need for additional time to respond. ECF No. 107, p. 1. The Defendants acknowledge that they would be unable to complete their responses and notified Williams of the delay. *Id.* Their full responses were mailed to Williams on May 2, 2022.[1] *Id.*

The Federal Rules of Civil Produced provide that a party must respond within thirty days of being served with interrogatories and requests for production of documents. *See* Fed. R. Civ. P. 33(b)(2) (relating to interrogatories); 43(b)(2)(A)-(C) (relating to requests for production). The Court observes, however, that it is not uncommon for litigants to require additional time to respond to discovery requests. *See, e.g., Bracey v. Valencia*, 2022 WL 1570812, at *3 (W.D. Pa. May 18, 2022). Where such delays are relatively minimal and do not cause the other party any prejudice, they are not a basis for sanctions. That is particularly true where, as here, the party seeking delay communicated notice of the need for additional time to the other party. Thus, the Court finds Williams' argument unavailing.

Having considered the motion to compel as well as the Defendants' response in opposition, the Court rules as follows:

---

[1] Similar delays occurred in the Defendants response to Williams' request for admissions. Those were received by the Defendants on April 13, 2022. Counsel notified Williams on April 28, 2022, that additional time was needed for their response. Responses to the requests for admissions were mailed on May 13, 2022. ECF No. 107, p. 2.

A.     Production Request No. 3.

Williams requested a copy of the "Population Management Procedures Manual and Policy" from the Defendants.[2]  The motion to compel production of this material is denied as moot.  Not only is this material publicly available, the Defendants have produced it via Smart Communications mailing on July 20, 2022.  *See, e.g., Sanchez v. Silbaugh*, 2022 WL 2668545, at *6 (W.D. Pa. July 11, 2022).

B.     Production Request No. 4.

Williams next asked that "DC-46 Vote Sheets" be produced.[3]  Responding to the Defendants' objections, Williams maintains that these votes, "which initiated [his] permanent transfer to SCI-Houtzdale," are "nonprivileged matter[s]" that are "highly relevant to his retaliation claim."  ECF No. 101, p. 3.  The motion to compel these documents is denied.

"[C]ourts have declined to compel production of prison vote sheets because the release of this information poses a legitimate security concern for the institution."  *Bramble v. Wetzel*, 2021 WL 5918752, at * 3 (M.D. Pa. Dec. 15, 2021) (citing *Naranjo v. T. Walter*, 2021 WL 4226062, at * 5 (M.D. Pa. Sept. 16, 2021) (finding that the deliberative process privilege applied and denying a motion to compel vote sheets)); *Walker v. Regan*, 2019 WL 687884, at *3 (E.D. Pa. Feb. 15, 2019) (declining to compel production of vote sheets because they "are quintessential examples of documents protected by the deliberative process privilege"); *Mearin v. Folino*, 2012 WL 4378184, at *4 (W.D. Pa. Sept. 24, 2012) (denying a motion to compel DC-46 vote sheets

---

[2] As Defendants point out, Williams' motion to compel (ECF No. 99) included Request for Production No. 3 among those requests listed as deficient. Williams does not discuss this request in his brief in support of the motion, however.  See ECF No. 101.  The Court will address this request for production out of an abundance of caution.

[3] Defendants explain that these documents record the vote "for each major staff decision that affects an inmate."  *See* ECF No. 107, p. 3.

because the vote sheets, and "particularly the names of the staff members who signed them, are privileged and confidential"). This Court likewise agrees that the legitimate security concerns, as asserted by the Defendants, outweigh any relevance these documents may have to Williams' constitutional claims. Moreover, these documents likely contain information related to the confidential deliberations of administrators deciding Williams' placement within the Department of Corrections system. Finally, the Court notes that the Defendants have provided Williams with a "Transfer Petition" from December of 2018, which states that "Inmate Williams JZ9009 is being separated from Corrections Librarian R. Nyberg due to his fixation on her, and her safety." ECF No. 107, p. 5.

      C.     Request for Production No. 5

Next, Williams seeks an order compelling the Defendants to provide him with copies of "Security Investigation Summary Reports." *Id.*, at 4. The Defendants objected to the production of these reports on the grounds that they contain confidential information and their production "would create impermissible safety and security concerns." ECF No. 107, p. 5. Williams argues that "many other Pennsylvania prisoners have been provided security investigative reports through the discovery process." The Court agrees with the Defendants, and the motion to compel this material is denied. By its very nature, an internal security investigative report contains confidential and sensitive information concerning security policies and procedures often relating to multiple inmates and prison personnel. Thus, its disclosure to an inmate raises security and safety concerns which are not outweighed by the minimal relevance, if any, of their content to the sole remaining claim in this action.

D.      Request for Production No. 7.

Here, Williams requested a copy of "all DC-14 Inmate Cumulative Adjustment Records (ICAR)" from March 3, 2018, until January 10, 2019.  See ECF No. 101, p. 5.  Because such records contain "evaluations, diagnoses, impressions, and recommendations submitted by mental health professionals," the Defendants have objected to this request on grounds of confidentiality. *See* ECF No. 107, p. 5.  As has been explained elsewhere, the records "typically contain much information that, if divulged to inmates, would threaten the orderly operation of the prison as well as the security of the inmates, staff members and the public." *Bailey v. McMahon*, 2012 WL 1246147, at *9 (M.D. Pa. Apr. 12, 2012).   This Court agrees and the motion to compel the production of these reports is denied.[4]

E.      Request for Production No. 8.

Williams next asked that the Defendants be compelled to produce "all transfer petition request[s], referral packets, Office of Population Management reports and approvals," as well as "Executive/Regional Deputy Secretary approvals." *See* ECF No. 101, p. 6.  The motion to compel production of these materials is denied.

As Defendants point out, this information raises safety and security concerns which weigh against their production.  Any relevance of their contents is substantially outweighed by these legitimate concerns.  Further, the Defendants attest that they have nonetheless provided Williams with a redacted copy of his transfer order.  *See* ECF No. 107, p. 7.

---

[4] Williams contends that because some material from his DC-14 file was already provided to him in redacted form earlier in this case in response to his motion for a temporary restraining order, he is entitled to the entire file now. *See* ECF No. 49-1.  He is mistaken.  The information provided previously was but a redacted segment of his DC-14 file, relevant to the resolution of the discrete issue presented by his motion for a temporary restraining order.  That prior disclosure was not in response to the wide-ranging request for complete and unredacted information under review here.

F.      Request for Production No. 9

Finally, Williams asks that the Defendants be compelled to produce the DC-ADM 816

work assignment policy as well as any other documents related to his job determination.  *See*

ECF No. 101, p. 7.  The request to produce the DC-ADM 816 policy is denied as moot.  That

policy, as the Defendants explain, is available publicly.  Furthermore, the Defendants attest that

they mailed a copy of the policy to Williams on July 20, 2022.  The Court also agrees with the

Defendants that information relating to his job termination contains confidential information that

implicates security and safety concerns within the institution.  The motion to compel that

material is denied.

Williams also seeks an order compelling the Defendants to respond to four interrogatories

to which they have objected.

G.      Interrogatory No. 4.

At interrogatory number four, Williams asked for the "job duties" of Defendant Michael

R. Clark.  *See* ECF No. 101, p. 7.  The motion to compel a response to this inquiry is denied as

moot.  The Defendants indicate that they provided Williams with Clark's job description.  *See*

ECF No. 107, p. 7.

H.      Interrogatories No. 6 and No. 7

Next, at interrogatory number six, Williams asked for the names, titles, and duties of all

staff involved in his employment termination.  ECF No. 101, p. 8.  He also asks for the names,

titles, and duties of all staff involved in placing him in administrative custody (interrogatory

number seven).  *Id.*  Williams contends that this information is relevant to his retaliation claim

because it would identity the individuals "responsible or involved in [his] retaliatory job

7

termination" as well as his retaliatory placement in "restrictive housing confinement." ECF No. 101, p. 8. The Defendants object, arguing that these interrogatories are vague, overbroad, and irrelevant to Williams' claim. *See* ECF No. 107, p. 8. As to interrogatory number seven, the Defendants' objection is also based on confidentiality and security concerns, as articulated in their objection to producing the DC-46 vote sheets.

The Defendants' objection to answering interrogatory number six is overruled. The burden lies with the Defendants as the objecting parties. *See, e.g., Wilson v. Lackawanna Cnty.,* 2021 WL 3054995, at *3 (M.D. Pa. July 20, 2021). They do not address in specific terms their contention that the information sought in this interrogatory is irrelevant to Williams' claims. And the Court does not find the request to be vague or overbroad. Indeed, Williams specifically identifies the information he seeks: names, job titles and job descriptions of the individuals at SCI-Albion involved in his employment termination of December 12, 2018. *See* ECF No. 101, p. 8. The Defendants have not demonstrated in specific terms why the information sought in this interrogatory is improper. Thus, the Court orders them to answer interrogatory number six as identified in the motion to compel.

As to interrogatory number seven, the Defendants have again only raised general objections of vagueness and overbreadth, which the Court would also find insufficient. They have failed to meet their burden of demonstrating in specific terms why this interrogatory is improper. As with interrogatory number six, the Court orders the Defendants to answer interrogatory number seven as identified in the motion to compel.

I.        Interrogatory Number 9

Lastly, Williams asked the Defendants to provide him with the identity of the individual responsible for completing the DC-46 voting form.  *See id.*  In as much as Williams' motion to compel production of documents relating to the vote sheet has been denied, *see infra.*, the motion to compel an answer to this interrogatory is likewise denied.

In conclusion, Williams' motion to compel discovery responses is DENIED in part and GRANTED in part.  So ordered.

DATED this 10th day of August, 2022.

BY THE COURT:

RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE